

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 04 2013

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

# UNITED STATES DISTRICT COURT
## IN THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| AMANDA BERRY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | 1:13-CV-3325 |
| ) | |
| v. ) | |
| ) | |
| THE GREAT AMERICAN DREAM.,) | |
| INC. d/b/a PIN UPS, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Amanda Berry ("Plaintiff" or "Ms. Berry"), and hereby files this Complaint for Damages against Defendant The Great American Dream, Inc. d/b/a Pin Ups ("Defendant"), showing this Honorable Court as follows:

### INTRODUCTION

This is an action for pregnancy discrimination under the Pregnancy Discrimination Act ("PDA") and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, et seq. ("Title VII")

1

## PARTIES

1.

Ms. Berry is a citizen of the United States and a resident of the State of Georgia. Ms. Berry submits herself to the jurisdiction of this Honorable Court.

2.

At all times relevant to this Complaint, Ms. Berry was an "employee" within the meaning of the PDA and Title VII

3.

Defendant is a corporation domiciled and doing business in the State of Georgia. Defendant is subject to suits of this kind and nature. Defendant may be served with process by delivering a copy of the Complaint and Summons to its Registered Agent for service of process, Larry J. White, at 1126 Ponce De Leon Ave. N.E., Atlanta, Georgia 30306

4.

At all times material to this Complaint, Defendant was and is an "employer" within the meaning of the PDA and Title VII.

## JURISDICTION AND VENUE

5.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1367(a), 29 U.S.C. §1132 and other applicable law.

6.

Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the unlawful employment practices occurred within the Northern District of Georgia.

7.

Defendant regularly conducts business within this State and District. Defendant is subject to the jurisdiction of this Honorable Court.

## ADMINISTRATIVE PROCEEDINGS

8.

Ms. Berry has fulfilled all administrative prerequisites to filing this lawsuit, including submitting a charge to the Equal Employment Opportunity Commission within 180 days of her claims, and filing this action within 90-days of receipt of her right to sue.

## FACTS

9.

Ms. Berry initially began working for Defendant as a dancer in May 2006. Defendant typically scheduled Ms. Berry four to five days a week, working eight (8) hour shifts, and some double shifts.

10.

Ms. Berry's job duties included providing dances for customers on the floor, in VIP rooms, and dancing on stage for a minimum of three songs each shift.

11.

In mid-February 2013, Ms. Berry learned that she was pregnant. She told her supervisor Ms. Kelly and a few other of Defendant's employees.

12.

When Ms. Berry arrived to work on February 17, 2013, Defendant's manager, Ms. Angela, asked another one Defendant's employees, why Ms. Berry was gaining weight in her hips and breast. The employee told Ms. Angela that Ms. Berry was pregnant.

13.

That same day, Ms. Angela told Ms. Berry *"this is your last day"*. Defendant then gave Ms. Berry a separation notice and told her to *"come back after she had the baby."*

## COUNT I:
## VIOLATION OF THE PDA AND TITLE VII

14.

Ms. Berry incorporates by reference all preceding paragraphs of the Complaint.

15.

At all times material to this Complaint, Ms. Berry was and is a qualified individual with a pregnancy, childbirth, or related medical condition.

16.

At all times material to this Complaint, Ms. Berry was capable of performing the essential duties of her job, as well as other available and suitable positions at Defendant's multiple facilities.

17.

At all materials times, Defendant was aware of Ms. Berry's pregnancy.

18.

Defendant willfully or with reckless indifference violated the PDA and Title VII by terminating Ms. Berry because of her pregnancy

19.

Because of Defendant's unlawful actions, Ms. Berry has suffered lost compensation, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

20.

As a direct and proximate result of Defendant's conduct, Ms. Berry is entitled to both equitable and monetary relief including, but not limited to, lost profits, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Berry demands a **TRIAL BY JURY** and that the following relief be granted:

a. Declaratory judgment that Defendant has violated the PDA and Title VII;

b. An injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the PDA and Title VII;

    c.    Full back wages from the date Defendant unlawfully terminated Ms. Berry's employment, taking into account all and benefits to which Ms. Berry would have been entitled but for her unlawful termination;

    d.    Reinstatement of Ms. Berry's employment or, in the alternative, front pay to compensate Ms. Berry for lost future profits and benefits;

    e.    Reimbursement of Ms. Berry's out of pocket expenses incurred because of her unlawful termination;

    f.    Punitive damages;

    g.    Attorney's fees and costs of litigation;

    h.    Prejudgment interest; and

    i.    Any and all such further relief that the Court or the finder of fact deems equitable and just.

Respectfully submitted this 4th day of October 2013.

PRIOLEAU & MILFORT, LLC

*/s/ Oscar E. Prioleau, Jr.*
Oscar E. Prioleau, Jr., Esq.
Georgia Bar No. 588510
oscar@pmlawteam.com

505 Pryor Street, SW
Atlanta, Georgia 30312
(404) 526-9400 – Office
(404) 880-9360 – Facsimile
*Attorney for Defendants*